**Kebede RETTA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70138.
INS No. A70–036–570.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 25, 2002.

Before B. FLETCHER, T.G. NELSON, and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM **

Kebede Retta, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's denial of his applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]

We review the BIA's factual determinations under the substantial evidence standard. *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). We must uphold the BIA's decision unless the evidence compels a con-

U.S.C. § 1105a(a). IIRIRA § 309(c)(1); *see Kalaw v. INS,* 133 F.3d 1147, 1150–51 (9th Cir.1997).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.Civ.P. 34(a)(2).

1. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir. 1997), this court has jurisdiction under 8 U.S.C. § 1105a(a).

trary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Retta did not allege that he suffered any past persecution, he is eligible for asylum only if he can demonstrate that he has a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "Establishing the well-founded fear of persecution sufficient to qualify for asylum requires a 'subjectively genuine' and 'objectively reasonable' fear of persecution." *Velarde v. INS,* 140 F.3d 1305, 1309 (9th Cir.1998).

The record does not compel the conclusion that Retta's fear of persecution on account of political opinion is objectively reasonable. Because Retta failed to satisfy the less stringent standard required to establish eligibility for asylum, his claim for withholding of deportation necessarily fails. *See Ghaly,* 58 F.3d at 1429.

Retta's motion to stay proceedings, filed September 17, 2001, is denied.

PETITION DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.